IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHANNON CAMPBELL, et. al., | CASE NO. 5:13-cv-03817 EJD |
| Plaintiff(s), | **ORDER DENYING PLAINTIFFS' MOTION TO EXTEND DEADLINES FOR EXPERT DISCLOSURE** |
| v. | |
| CITY OF MILPITAS, et. al., | [Docket Item No(s). 24] |
| Defendant(s). | |

Presently before the court is Plaintiffs' Motion to Extend the Deadlines for Expert Disclosure. See Docket Item No. 24. Plaintiffs primarily seek to retroactively extend the initial deadline for designation of retained experts and the corresponding disclosure of those experts' reports, which in turn may require an extension of other deadlines related to expert disclosure. Defendants have filed written opposition to this Motion. See Docket Item No. 33.

Having carefully considered this matter, the court has determined that Plaintiffs' stated reasons for their failure to comply with the deadline do not constitute substantial justification. See Fed. R. Civ. P. 37(c)(1); see also Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001). Indeed, the fact depositions which had not occurred before the deadline were not critical to an expert's opinion under the circumstances. In addition, Plaintiffs notably did not raise this issue in the parties' joint statement prepared in anticipation of a pretrial conference - filed only three days prior to the expert disclosure deadline - even though they must have been aware of it by that time.

1

CASE NO. 5:13-cv-03817 EJD
ORDER DENYING PLAINTIFFS' MOTION TO EXTEND DEADLINES FOR EXPERT DISCLOSURE

1  Nor does the unavailability of their expert to prepare a report on the date it was due amount to a justification that could be considered substantial under these circumstances.  Plaintiffs should have been in contact with their retained expert well in advance of the final date for submission of the report, considering the deadline was set by the court six months prior.

Furthermore, the court has now issued a pretrial order with dates for a dispositive motion hearing, pretrial submissions and conference, and jury trial, in reliance on the parties' ability to timely comply with the deadlines previously set.  Extending the expert discovery deadlines as requested by Plaintiff would not be harmless since doing so would also - inevitably - require an extension of this pretrial schedule.  See Wong v. Regents of the Univ. of Cal., 410 F.3d 1052, 1062 (9th Cir. 2003).

Accordingly, Plaintiffs' Motion is DENIED.

**IT IS SO ORDERED.**

Dated:  July 22, 2014



EDWARD J. DAVILA
United States District Judge

CASE NO. 5:13-cv-03817 EJD
ORDER DENYING PLAINTIFFS' MOTION TO EXTEND DEADLINES FOR EXPERT DISCLOSURE