UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHANNON CAMPBELL, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF MILPITAS, et al.,<br><br>　　　　Defendants. | Case No.  13-cv-03817-BLF<br><br>**ORDER DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>[Re:  ECF 59] |

Before the Court is Plaintiffs' motion for relief from a nondispositive order issued by Magistrate Judge Paul S. Grewal, which granted in part and denied in part Defendants' motion to compel further responses to Defendants' Request for Production, Set 3. *See* Order, ECF 48. The Court has considered Judge Grewal's order, Plaintiffs' motion, and Defendants' opposition. For the reasons discussed below, the motion is DENIED.

**I.　LEGAL STANDARD**

A district court may refer nondispositive pretrial matters to a magistrate judge under 28 U.S.C. § 636(b)(1)(A).  The district court "may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a).  On review of a nondispositive order, "the magistrate's factual determinations are reviewed for clear error, and the magistrate's legal conclusions are reviewed to determine whether they are contrary to law." *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010).  This standard is highly deferential – the district judge may not simply substitute his or her judgment for that of the magistrate judge. *Grimes v. City and Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

## II. DISCUSSION

Plaintiffs Shannon Campbell and Sherisa Anderson are members of a group that seeks to prevent mistreatment of circus animals. Plaintiffs travel to circus venues in order to videotape the treatment and living conditions of circus animals, distribute leaflets to circus patrons, and participate in demonstrations. The present lawsuit arises from Plaintiffs' efforts to observe the Ringling Bros. and Barnum & Bailey Circus's transport of animals from the Oracle Arena in Oakland, California to the San Jose Arena in San Jose, California.

On August 13, 2012, Plaintiffs and two other individuals, Keegan Kuhn and Joseph Cuviello, waited near the San Jose Arena in expectation of observing the animals being unloaded at a nearby train station. When circus trucks departed the San Jose Arena, the waiting individuals realized that the animals must be traveling by a different route. They followed the circus trucks by car to the City of Milpitas, where they videotaped the animals as they were unloaded at a Milpitas train station and then were loaded onto trucks for transport to the San Jose Arena. As Plaintiffs, Kuhn, and Cuviello walked toward their cars, intending to return to the San Jose Arena to observe the animals being unloaded from the trucks, they were stopped by Milpitas police officers. The officers informed them that they were being detained because a circus employee had reported them for reckless driving. Plaintiffs, Kuhn, and Cuviello were detained for an hour and a half and then released without citation. Plaintiffs assert federal and state claims against the City of Milpitas and several individual Milpitas Police Officers arising from these events.

On August 14, 2014, Magistrate Judge Paul S. Grewal granted in part and denied in part Defendants' motion to compel further responses to Defendants' Request for Production ("RFP"), Set 3. *See* Order, ECF 48. Judge Grewal granted the motion with respect to RFPs 5-12 and 25-28, which requested writings regarding communications between Plaintiffs and Kuhn, Cuviello, and another individual named Deniz Bolbol regarding the circus show at the Oracle Arena from which the animals were traveling on August 13, 2012 (RFPs 5-8); regarding the circus show at the San Jose Arena, to which the animals were traveling on August 13, 2012 (RFPs 9-12); and regarding the incident in Milpitas on August 13, 2012 (RFPs 25-28). Judge Grewal explained on the record that he believed those RFPs to be sufficiently narrow and relevant to Plaintiffs' claims to warrant

further production. However, Judge Grewal denied Defendants' motion to compel further responses with respect to RFPs 1-4 and 17-24, which requested broader categories of writings, for example, all writings between Plaintiffs and Kuhn "regarding or reflecting YOUR communications with Keegan Kuhn regarding the Ringling Brothers Circus/Feld Entertainment from August 1, 20102 to August 1, 2013." (RFP 1) Judge Grewal explained on the record that those categories were simply overbroad.

Judge Grewal also addressed on the record Plaintiffs' claims of attorney-client and work-product privilege regarding Plaintiffs' communications with Cuviello. Judge Grewal ordered that "Plaintiffs shall not withhold any documents on the basis of Joseph Cuviello's mere participation and/or communication with respect to any documents on the basis of attorney-client privilege or work-product grounds." Order, ECF 48. Judge Grewal ordered that attorney-client privilege and work product could be claimed on other grounds, and that all documents withheld on the basis of such privilege be logged in a privilege log. *Id.*

Plaintiffs request that Judge Grewal's order be modified in two respects. First, they ask that the order be modified to exclude production of video or communications regarding animal care or abuse, which they claim would be irrelevant to this lawsuit. Second, they ask that this Court review *in camera* the documents that Plaintiffs have logged in their privilege log.

The Court concludes that Magistrate Grewal's rulings fall well within his discretion and are not clearly erroneous or contrary to law. The cases cited by Plaintiffs are inapposite. Accordingly, the motion for relief from Judge Grewal's order is DENIED. Plaintiffs shall comply with Judge Grewal's order forthwith.

**IT IS SO ORDERED.**

Dated: October 9, 2014

_____
BETH LABSON FREEMAN
United States District Judge