UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

SHANNON CAMPBELL, et al.,

Plaintiffs,

v.

CITY OF MILPITAS, et al.,

Defendants.

Case No.  13-cv-03817-BLF

**ORDER RE MOTIONS IN LIMINE**

Defendants have submitted four Motions in Limine.  Plaintiffs have not submitted any Motions in Limine, nor have they submitted written opposition to Defendants' motions prior to the expiration of the time allowed.  In accordance with the Court's Standing Order Re Final Pre-Trial Conference, the Motions in Limine are submitted without oral argument.

**I.  DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE NOT RELEVANT TO PLAINTIFFS' CLAIMS FOR DAMAGES FOR FALSE ARREST**

GRANTED in part and DENIED in part.

Defendants seek an exclusion order to prevent Plaintiffs from attempting to admit evidence that is contrary to this Court's order addressing the parties' cross-motions for summary judgment ("Summary Judgment Order").  *See* Summary Judgment Order, ECF 99.  Defendants correctly state that the only remaining issue for trial is the amount of Plaintiffs' damages resulting from their Third Cause of Action for False Arrest and False Imprisonment.  *See* Summary Judgment Order at 29, 31, ECF 99.  Only evidence relevant to that claim will be admitted.  Absent any specific offer of evidence by Plaintiffs, the court cannot make specific evidentiary rulings at this juncture.

Defendants address two anticipated issues.  First, they seek to exclude evidence contrary to the Court's statements in the Summary Judgment Order that Defendants did not physically restrain, threaten, or interview the Plaintiffs; that Plaintiffs were not handcuffed or taken to another location; and that Plaintiffs were allowed to walk around, talk to their friends, make telephone calls, and videotape Defendants.  *See* Summary Judgment Order at 21, 26.  Although the Court did not resolve any factual disputes in ruling on the summary judgment motions, Defendants properly identified a matter upon which there was no disputed evidence.  Thus, Plaintiffs may not offer evidence contrary to the above referenced circumstances of their detention.

The second issue identified by Defendants is their concern that Plaintiffs will offer evidence that their prolonged detention deprived them of the opportunity to travel to the San Jose Arena to videotape the circus animals in violation of their First Amendment rights.  Nothing in the Summary Judgment Order would prevent Plaintiffs from describing the lost opportunity to film the circus animals as part of the impact on them of the detention.  However, the Court concluded that there was no evidence in the record to support Plaintiffs' contention that Defendants violated their First Amendment rights.  *See* Summary Judgment Order at 15.  Thus, Plaintiff will be precluded from offering evidence or argument regarding violation of their First Amendment rights.

Defendants further request that Plaintiffs' counsel inform all witnesses of this order.  The Court agrees and so advises all counsel – for both Plaintiffs and Defendants – that they are responsible for admonishing their witnesses to refrain from testimony that would violate the Court's orders in this case.

**II. DEFENDANTS' MOTION IN LIMINE NO. 2 TO LIMIT PLAINTIFFS' CLAIMS FOR DAMAGES TO THE PERIOD OF UNLAWFUL DETENTION BY DEFENDANTS**

DENIED.

Based on Defendants' motion, it appears that Defendants may have misinterpreted the basis for the Court's ruling on Plaintiffs' Third Cause of Action for False Arrest and False Imprisonment.  Defendants interpret the Summary Judgement Order as limiting the detention time

2

to forty minutes. That is an incorrect reading of the order. In ruling on Plaintiffs' motion for summary judgment, the Court was compelled to resolve all factual disputes in Defendants' favor and to draw all reasonable inferences on their behalf. *See* Summary Judgment Order at 26. Having done so, the Court determined that "[e]ven reduced to its minimum, Plaintiffs' detention lasted forty minutes." *Id.* The actual length of the detention was a disputed fact at summary judgment, and continues to be so for trial. Plaintiffs are allowed to offer evidence as to the full length of the unlawful detention, including the time during which the CHP was on the scene. It will be left to the jury to determine whether the CHP took control of the detention, thus relieving Defendants from responsibility.

Defendants are correct, however, that the Court did rule that the initial stop was lawful. *See* Summary Judgment Order at 16-18. Plaintiffs may not offer evidence to the contrary.

Both Plaintiffs and Defendants may offer evidence as to the time the detention commenced and the time it terminated, along with evidence regarding the point at which the detention became so prolonged as to become an unlawful arrest giving rise to damages.

### III. **DEFENDANTS' MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE GATHERED BY PLAINTIFFS IN COLLATERAL DISCOVERY AND NOT PROPERLY PRODUCED DURING THE PARTIES' DISCOVERY PROCEEDINGS**

DEFERRED.

Defendants seek to exclude evidence not properly produced during discovery. They complain that Plaintiffs violated the Court's Scheduling Order by deposing witnesses after the discovery cut-off date under the guise of other litigation and that such evidence was not properly disclosed pursuant to Plaintiffs' obligations under Federal Rule of Civil Procedure 26(a) and (e). Defendants identify depositions of David Bailey and CHP Sergeant Walling as examples of discovery abuses. As to those witnesses, however, it appears that Defendants have obtained copies of the depositions. Defendants' concern pertains to other evidence unknown to them.

Litigants have a continuing obligation to disclose the names of witnesses and copies of documents they may use to support their claims or defenses. Fed. R. Civ. P. 26(a)(1)(A)(i)-(ii),

(e). Rule 37 expressly provides that if a party fails to provide information required under Rule 26, "the party is not allowed to use that information or witness . . . at a trial." Fed. R. Civ. P. 37(c)(1). However, the Court cannot rule on Defendants' motion at this time because Plaintiffs have not proffered any offending evidence. The Court defers ruling on this motion until such time as Defendants advise the Court of such impermissible evidence.

IV. **DEFENDANTS' MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE OF THE MURDER OF PLAINTIFF CAMPBELL'S SISTER**

GRANTED.

Defendants seek to exclude evidence of the 1995 murder of Plaintiff Campbell's sister in relation to Ms. Campbell's testimony regarding emotional distress damages sought in this action. Defendants argue that such evidence is not relevant to any issue before the jury. The Court agrees. Moreover, even if there were some tangential relevance, evidence of such an emotional, deeply sad, and tragic nature would have a far greater prejudicial effect on the jury than any possible probative value. Thus the evidence also is subject to exclusion under Federal Rule of Evidence 403.

**IT IS SO ORDERED.**

Dated: May 20, 2015

_____
BETH LABSON FREEMAN
United States District Judge