UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHANNON CAMPBELL, et al.,<br><br>       Plaintiffs,<br><br>       v.<br><br>CITY OF MILPITAS, et al.,<br><br>       Defendants. | Case No. 13-cv-03817-BLF<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>[RE: ECF 116] |

On May 20, 2015, the day before the Final Pretrial Conference in this case, Plaintiffs filed a motion for leave to seek reconsideration of this Court's order addressing the parties' cross-motions for summary judgment ("Summary Judgment Order"), which was issued almost two months ago. The Civil Local Rules provide that no response need be filed and no hearing need be held with respect to a motion for leave to file a motion for reconsideration. Civ. L.R. 7-9(d).

For the reasons discussed below, the motion is DENIED.

**I.   LEGAL STANDARD**

A motion for leave to file a motion for reconsideration may be filed prior to the entry of a final judgment in the case. Civ. L.R. 7-9(a). "The moving party must specifically show reasonable diligence in bringing the motion" and one of the following circumstances:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b).

## II. DISCUSSION

Plaintiffs contend that they were diligent in bringing the present motion and that they are entitled to reconsideration under Civil Local Rule 7-9(b)(3) based upon the Court's manifest failure to consider material facts or dispositive legal arguments presented to the Court prior to its issuance of the Summary Judgment Order. *See* Pls.' Mot. at 1-2, ECF 116. Plaintiffs' brief states that:

> Plaintiffs seek leave to move for reconsideration of four aspects of the Court's opinion:
>
> 1. In its decision in *Rodriguez v. United States*, 575 US ___ (2015), the Supreme Court confirmed that under law clearly established at the time at issue in this case, and cited by Plaintiffs in their briefs, a police detention exceeding the time needed to handle the matter for which the detention was made violates the Constitution's shield against unreasonable seizures.
>
> 2. The *Rodriguez* Court also confirmed that the law clearly established police officers' duty to diligently investigate, and that authority to detain ends when that investigation is, or reasonably should have been, completed.
>
> 3. The Court's finding that Defendants' [sic] unlawfully arrested Plaintiffs *de facto* without probable cause, establishes a violation of clearly established Fourth Amendment law for which Defendants are not entitled to immunity.
>
> 4. The factual contentions of Defendants upon which the Court's grant of qualified immunity was based – that Defendants detained Plaintiffs to wait for the California Highway Patrol – are controverted by material evidence Plaintiffs presented, showing that the officers spoke to the percipient witnesses to the alleged offenses of Plaintiffs (the truck drivers, who did not ask for Plaintiffs' detention or make any allegations against Sherisa Andersen) – and allowed them to leave before detaining Plaintiffs.

Pls.' Mot. at 2, ECF 116.

### A. Diligence

The Summary Judgment Order was issued on March 25, 2015. In the fifty-eight days that have elapsed since then, the Court has held a Case Management Conference[1] to discuss trial of the issues remaining in the case; set a trial date; issued rulings on the motions in limine; and reviewed the parties' proposed jury instructions and other pretrial materials in anticipation of the Final

---

[1] The Court observes that the Joint Case Management Statement filed in advance of that hearing suggested that Plaintiffs intended to seek leave to file a motion for reconsideration of the Court's adverse ruling on their Bane Act claim, but it gave no indication that Plaintiffs contemplated seeking reconsideration of the Court's ruling on qualified immunity.

2

Pretrial Conference; and held the Final Pretrial Conference on May 21, 2015.  Given these events, the Court would be hard-pressed to find that Plaintiffs acted with reasonable diligence in bringing their motion at this late date.

Plaintiffs' counsel submits a declaration offering the following explanations for waiting so long to file the motion for leave to seek reconsideration:  the press of other business; staff turn-over; and relocation of counsel's office.  *See* Leigh Decl. ¶¶ 4-5, ECF 117.  Those circumstances are part of the regular, ongoing responsibilities of all attorneys.  Counsel also asserts that the Supreme Court's decision in *Rodriguez v. United States*, 135 S. Ct. 1609 (2015), is a key ground for the motion.  *Rodriguez* issued approximately one month ago, on April 21, 2015.  As discussed below, *Rodriguez* has no bearing on the present case.

Accordingly, the Court concludes that Plaintiffs have failed to demonstrate reasonable diligence in bringing their motion for leave to seek reconsideration.  The motion is DENIED on that basis.

### B. Manifest Failure to Consider Material Facts or Dispositive Legal Arguments

Even if Plaintiffs had been diligent, they have not demonstrated the Court's manifest failure to consider material facts or dispositive legal arguments.  Plaintiffs list four "aspects" of the Summary Judgment Order as to which they seek reconsideration, set forth above.  However, the arguments presented in support of those "aspects" overlap significantly.  Plaintiffs actually appear to be asserting two bases for reconsideration.  First, Plaintiffs argue that the Court erred in granting the Officer Defendants qualified immunity under the "clearly established" prong because the Court failed to consider clearly established law – recognized and affirmed in *Rodriguez* – requiring officers to investigate diligently and to limit a detention to no longer than necessary to complete the investigation.  Second, Plaintiffs argue that the Court failed to consider disputed facts that would have precluded a grant of qualified immunity.

#### 1. Manifest Failure to Consider Dispositive Legal Arguments

Plaintiffs' assertion of failure to consider dispositive legal arguments is based upon the Supreme Court's recent decision in *Rodriguez*.  In *Rodriguez,* the Supreme Court "granted certiorari to resolve a division among lower courts on the question whether police routinely may

1    extend an otherwise-completed traffic stop, absent reasonable suspicion, in order to conduct a dog

2    sniff." *Rodriguez*, 135 S. Ct. at 1614. The Supreme Court answered that question in the negative,

3    holding that extending a completed traffic stop for a dog sniff requires reasonable suspicion. *Id.* at

4    1616-17.[2] That issue is irrelevant to the detention at issue in the present case, which did not

5    involve extension of a completed stop.

6          The Ninth Circuit has applied *Rodriguez* to find unlawful a traffic stop prolonged to

7    conduct investigations unrelated to the traffic violation that caused the *Terry* stop. In *United*

8    *States v. McConnell*, No. 14-10024, 2015 WL 2385010, at *6 (May 20, 2015), decided in the

9    context of a motion to suppress evidence, the Ninth Circuit held that an ex-felon registration check

10   and dog sniff, both unrelated to the traffic violation, caused a constitutionally impermissible

11   prolongation of the stop. In the present case, there is no evidence that the Officer Defendants

12   investigated other suspected crimes. Instead, the problem at hand was that they continued the

13   detention, waiting for the CHP to conduct the investigation. Moreover, the issue before the Court

14   was whether the Officer Defendants were entitled to qualified immunity, not whether evidence

15   should be suppressed.

16         Accordingly, neither *Rodriguez* nor *McConnell* would constitute a material change in the

17   law warranting reconsideration under Civil Local Rule 7-9(b)(1) or (2). Nor do Plaintiffs argue as

18   much. Instead, Plaintiffs argue under Civil Local Rule 7-9(b)(3) that the Court failed to consider

19   cases cited and approved by the *Rodriguez* decision. Plaintiffs' burden on this motion is to

20   demonstrate a manifest failure by this Court to consider "dispositive legal arguments *which were*

21   *presented to the Court* before" issuance of the Summary Judgment Order. Civ. L.R. 7-9(b)(3)

22   (emphasis added). Plaintiffs do not identify any cases that *they cited* to the Court in briefing the

23   "clearly established" prong of the qualified immunity analysis. In fact, the Summary Judgment

24   Order noted that:

25       Plaintiffs do not address the "clearly established" prong at all. In fact, the seven-
         page section of Plaintiffs' opposition brief entitled "The Officer Defendants are not
26

27   ―――――――――――――――――
     [2] *Rodriguez* arose in the context of a motion to suppress evidence found incident to the dog sniff.
28   *Rodriguez*, 135 S. Ct. at 1610.

4

> Entitled to Qualified Immunity" does not cite any cases whatsoever aside from a footnoted reference to *Florida v. Royer*, 460 U.S. 491 (1983), for the proposition that retention of an individual's driver's license precludes a claim that the detention has terminated. See Pls.' Opp. to MSJ at 7-13.

Summary Judgment Order at 19.[3]

Plaintiffs also take issue with the Court's articulation of the inquiry under the "clearly established" prong. *See* Pls.' Mot. at 10. The Summary Judgment Order observed that "Plaintiffs identify the relevant Fourth Amendment rights only at the highest level of generality in the FAC, alleging that Plaintiffs were deprived of their rights to be free from 'unreasonable searches and seizures' and 'wrongful arrest, detention, and imprisonment.'" Summary Judgment Order at 15 (quoting FAC ¶ 67). The Court noted that defining the constitutional right in this manner "avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced." *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2023 (2014). Accordingly, it was left to the Court to "attempt to discern what 'clearly established' right Plaintiffs contend was violated." Summary Judgment Order at 18. The Court articulated the right as follows:

> An individual has the right under the Fourth Amendment to be free from an investigative stop unless it is justified at its inception by reasonable suspicion and brief in its duration consistent with the scope and circumstances at hand – here, a completed misdemeanor. *See United States v. Sharpe*, 470 U.S. 675, 682 (1985). Under the second prong of the qualified immunity analysis, the Court must determine whether it was clearly established in 2012, such that a reasonable officer would have known, that it was unlawful for an officer to go into a "holding pattern" during an investigative detention while waiting for the agency with primary jurisdiction to arrive to continue the investigation.

*Id.* at 18-19. Plaintiffs cannot now be heard to complain that the Court failed properly to articulate the right *when Plaintiffs offered no competing language*. Moreover, the Court is satisfied that this articulation comports with well-established Fourth Amendment principles, and nothing in *Rodriguez* undermines the Court's view of the law. Plaintiffs' current articulation of the clearly established prong ignores the salient circumstances of this investigation which this Court continues to find essential to evaluating the claim for qualified immunity.

Plaintiffs assert that the Court determined that their detention lasted so long as to become a *de facto* arrest without probable cause, and that "[a] *de facto* arrest without probable cause violates

---

[3] The Court notes that of the approximately twenty-six cases cited in Plaintiffs' current motion, only seven were cited in Plaintiffs' three summary judgment briefs.

clearly established law." Pls.' Mot. at 7, ECF 116. The Court indeed has determined that the detention lasted so long as to become a *de facto* arrest in violation of Plaintiffs' Fourth Amendment rights. *See* Summary Judgment Order at 28. However, none of the cases cited by Plaintiffs hold that *any* detention that is prolonged to the point of a *de facto* arrest violates clearly established law. The purpose of the qualified immunity doctrine is to protect officers who make mistakes when those mistakes are reasonable under the circumstances. *See City and Cnty. of San Francisco v. Sheehan*, No. 13-1412, 2015 WL 2340839, at *8 (May 18, 2015) (qualified immunity "gives government officials breathing room to make reasonable but mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law") (internal quotation marks, citation, and brackets omitted); *Mueller v. Auker*, 576 F.3d 979, 993 (9th Cir. 2009) ("The purpose of this doctrine is to recognize that holding officials liable for reasonable mistakes might unnecessarily paralyze their ability to make difficult decisions in challenging situations, thus disrupting the effective performance of their public duties."). And, in fact, the proper analysis of qualified immunity must consider the specific circumstances of this case, namely, the Officer Defendants' decision to defer to the police agency with primary jurisdiction. *See Wood v. Moss*, 134 S. Ct. 2056, 2067 (2014) (holding that the dispositive inquiry "is whether it would have been clear to a reasonable officer in the agents' position that their conduct was unlawful in the situation they confronted") (internal quotation marks, citations, and brackets omitted).

Plaintiffs have failed to demonstrate a manifest failure to consider dispositive legal arguments that Plaintiffs presented to the Court prior to its issuance of the Summary Judgment Order.

### 2. Manifest Failure to Consider Material Facts

Plaintiffs argue that the Court failed to consider material disputed facts in determining that the Officer Defendants are entitled to qualified immunity under the "clearly established" prong. *See* Pls.' Mot. at 10-11. Specifically, Plaintiffs assert that the Court failed to credit Plaintiffs' evidence that the Officer Defendants spoke to the truck drivers before they left the train depot, and that had the Court credited that evidence, the Court would have concluded that the Officer

6

Defendants were not entitled to qualified immunity. *See id.* In fact the Court *did* assume that the Officer Defendants spoke with the truck drivers before they left the train depot. *See* Summary Judgment Order at 17 n.15. Where Plaintiffs lose the Court is their leap of logic that if the Court credits that evidence, the Court necessarily must conclude that the Officer Defendants violated clearly established Fourth Amendment law. Plaintiffs failed to show in the context of the summary judgment motion, and fail to show now, that the latter follows from the former.

The evidence previously submitted by Plaintiffs, and credited by the Court, showed only that there had been a brief contact between the truck drivers and the Officer Defendants at the beginning of the detention, during which the truck drivers identified Campbell's car and told the Officer Defendants that they had to leave with the circus animals right away. McClary Dep. 55:6-19; 59:10-18. Plaintiffs' current argument conflates the evidence of what actually occurred (the brief conversation) with what might have occurred had the Officer Defendants conducted full interviews of the truck drivers (which Plaintiffs acknowledge did not occur) to argue that the detention was unlawful. But Plaintiffs' argument is based upon pure speculation regarding the contents of a conversation that did not occur during the critical time frame before the truck drivers left the train depot. Moreover, arguing that the Officer Defendants violated clearly established law by allowing the truck drivers to deliver the animals before giving their statements ignores the fact that the Officer Defendants had determined that CHP should conduct the investigation.

Plaintiffs have failed to demonstrate the Court's manifest failure to consider material facts.

**C.     Conclusion**

In conclusion, Plaintiffs have failed to demonstrate reasonable diligence in bringing their motion for leave to seek reconsideration. Even if they had been diligent, they have not demonstrated "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before" issuance of the Summary Judgment Order. Civ. L.R. 7-9(b)(3). The Court did consider all legal arguments presented by Plaintiffs on summary judgment and did construe all disputed facts in Plaintiffs' favor when granting the Officer Defendants qualified immunity. At the end of the day, Plaintiffs simply disagree with the Court's legal analysis, which is not an appropriate basis for seeking reconsideration.

## III. ORDER

Plaintiffs' motion for leave to file a motion for reconsideration is DENIED.

Dated: May 22, 2015

_____
BETH LABSON FREEMAN
United States District Judge